UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| TIARE ENTERPRISES, INC., <br>     300 Rogers Blvd., Suite 266 <br>     Honolulu, Hawaii  96819 <br><br>     Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF TRANSPORTATION; SAMUEL F. BROOKS, DBE APPEAL TEAM LEAD, EXTERNAL CIVIL RIGHTS PROGRAMS DIVISION, <br>     1200 New Jersey Avenue, SE, <br>     Washington DC 20590 <br><br>     Defendants. | CASE NO. |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Tiare Enterprises, Inc. ("Tiare") alleges:

**SUMMARY OF ACTION**

1. Tiare seeks declaratory and injunctive relief to overturn a decision of the United States Department of Transportation Departmental Office of Civil Rights ("USDOT-OCR"), dated July 27, 2015 (the "Decision"), affirming the determination of the State of Hawaii's Department of Transportation ("HDOT") to decertify Tiare as an Airport Concession Disadvantaged Business Enterprise ("ACDBE") under 49 Code of Federal Regulations ("CFR") Parts 23 and 26.  USDOT-OCR erred for four reasons:

    a. First, HDOT violated Tiare's due process right to notice and hearing under 49 CFR §26.87(d) regarding the decertification ruling by ignoring Tiare's timely request for a

1

hearing, then repeatedly refusing to acknowledge that Tiare had invoked its right to an informal hearing.  USDOT-OCR incorrectly concluded that Tiare waived its right to a hearing by failing to request a hearing within the time limits imposed by HDOT.  In fact, Tiare timely requested a hearing on December 20, 2013.  Furthermore, HDOT's defective notice of the proposed decertification erroneously stated that Tiare bore burden of proof and failed to state all decertification grounds, thereby denying Tiare a fair opportunity to respond.  HDOT also referred the issue of decertification to a purportedly independent third-party reviewer, Angela de la Rosa, who actually worked closely with HDOT in its effort to decertify Tiare.  As a result, the decertification proceedings violated 49 CFR §26.89(f) because:  (i) the proceedings were "inconsistent with the … procedural provisions" of CFR Part 26, as required by §26.89(f)(1); (ii) the procedural error resulted in "fundamental unfairness" to Tiare or "substantially prejudice[d] the opportunity of [Tiare] to present its case," under §26.89(f)(3); and (iii) the "record is incomplete or unclear with respect to matters likely to have [had] a significant impact on the outcome of the case," under §26.89(f)(4).

    b.  Second, contrary to the USDOT-OCR's calculation, the personal net worth ("PNW") of Tiare's owner, Roberta Fithian ("Fithian"), does not exceed the limit set forth in 49 CFR §26.67(a)(2), so Tiare is presumed to be an "economically disadvantaged" business under 49 CFR Part 26.  The PNW calculation in the Decision is based on erroneous valuations of Ms. Fithian's assets and liabilities, which Tiare would have demonstrated were incorrect if HDOT had given proper notice of the basis of decertification and allowed Tiare's constitutional and regulatory right to a hearing.  (*See* 49 CFR §26.89(f).)

    c.  Third, USDOT-OCR affirmed HDOT's mistaken conclusion that Ms. Fithian had a demonstrated ability to accumulate substantial wealth, so she could not reasonably

be regarded as "economically disadvantaged" under 49 CFR §26.67(b)(ii)(A). This regulation was not in effect at the time of HDOT's notice of proposed decertification, but was later improperly applied to Ms. Fithian. As a woman, Ms. Fithian is presumed to be economically disadvantaged, a presumption that USDOT-OCR failed to rebut.

        d.      Fourth, USDOT-OCR erred in concluding that Tiare failed to cooperate with HDOT's request for information as required by 49 CFR §26.73(c), although USDOT-OCR confusingly stated that it was not reaching the issue whether Tiare allegedly failed to cooperate. In fact, Ms. Fithian cooperated to the best of her ability by providing all relevant documents in her possession. Ms. Fithian was hospitalized in an intensive care unit at the time HDOT notified her of its intent to decertify Tiare.

## JURISDICTION AND VENUE

2.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 28 U.S.C. §§ 1331, 1361, 2201-02, and 5 U.S.C. § 706, as this action presents a case and controversy arising from the Department of Transportation's decision under the Airport Disadvantaged Business Enterprise Program pursuant to 49 CFR Parts 23 and 26, and the Administrative Procedure Act, 5 U.S.C. §§ 553-559, 701-706 ("APA").

3.      Venue lies in this district under 28 U.S.C. § 1391(b) and (e)(2) and 43 U.S.C. § 1349(b)(l) because a substantial portion of the events or omissions giving rise to the claims stated herein occurred in this district and Defendants reside and may be found in this judicial district.

## PARTIES

4.      Plaintiff Tiare is a corporation duly organized and existing under the laws of the State of Hawaii. Tiare is solely owned by a woman, Ms. Fithian, who is also Tiare's sole board

member and President.  Certified as an ACDBE by HDOT in 1986, Tiare operates concessions at the airports located in Hilo and Kona, Hawaii.

5. Defendant United States Department of Transportation ("USDOT") is a department of United States Government, which includes USDOT-OCR.  USDOT-OCR is located in this District at 1200 New Jersey Avenue, SE, Washington D.C. 20590.  At all relevant times, Defendant Samuel F. Brooks ("Brooks") was the DBE Appeal Team Lead in the External Civil Rights Programs Division of USDOT-OCR and is named as a Defendant in his official capacity only.

## FACTUAL ALLEGATIONS

### Proceedings before the Hawaii Department of Transportation

6. In a letter dated December 18, 2013 to Ms. Fithian from Melanie M. Martin ("Martin"), DBE Program Supervisor in HDOT's Office of Civil Rights, HDOT proposed to decertify Tiare as an ACDBE because Ms. Fithian's PNW allegedly exceeded the limit set forth in 49 CFR §26.67 and that Tiare allegedly failed to cooperate with HDOT's certification investigation under 49 CFR §26.109.  HDOT improperly cited 49 CFR §26.61 that Tiare bore the burden of proof to maintain its certification, when in fact HDOT bore the burden under 49 CFR §26.87 to show that Tiare no longer met the criteria for ACDBE certification.  HDOT stated that Tiare could request an informal hearing to respond to the proposed decertification, but set no deadline for Tiare to elect an informal hearing.  Instead, HDOT simply stated that it would proceed with decertification unless Tiare responded within ten days.

7. Tiare's attorney, Mara Rosales an attorney at Rosales Law Partners ("RLP"), responded on behalf of Tiare, on December 20, 2013 to HDOT's December 18, 2013 letter by telephone and email to Julia A. Rawlins ("Rawlins"), an official in HDOT's Office of Civil

Rights.  Tiare advised that Tiare "intend[s] to invoke" its right to an informal hearing.  Tiare explained that HDOT may not have been aware that Ms. Fithian had been "hospitalized for some time" when HDOT concluded that Tiare had failed to cooperate.  Tiare requested that Ms. Rawlins return her phone call that day, given the upcoming holidays.

8. When Tiare did not receive any response from HDOT to Ms. Rosales' December 20, 2013 email, she sent a second email to Ms. Rawlins on December 23, 2013, documenting that she had left a second voicemail message for Ms. Rawlins that day and, given the holidays, requesting an extension for Tiare to respond to HDOT's December 18 letter, per the instructions in that letter.

9. On December 26, 2013, Ms. Rawlins responded by email to Ms. Rosales stating, in part, that "I understand from your email that you will be requesting a hearing," (emphasis added) and forwarded the email to Ms. Martin.  Based on Ms. Rawlins' statement, Tiare reasonably believed that it had timely and properly requested an informal hearing, as is its right under 49 CFR §26.87(d).

10. In an email dated December 27, 2013 to Ms. Rosales, Ms. Martin advised that HDOT had extended the deadline for Tiare to January 31, 2014.  Ms. Martin's email ignored the fact that Tiare had already requested an informal hearing, which Ms. Rawlins had acknowledged. Instead, Ms. Martin's email confusingly stated that Tiare "may either submit information that may support the continued certification of Tiare Enterprises, or request an informal hearing at which time HDOT's hearing officer shall request supporting information."

11. Tiare did not understand Ms. Martin's December 27, 2013 email to mean that, if Tiare submitted a written response, HDOT would refuse to allow Tiare to appear at the informal hearing which Tiare had already requested and Ms. Rawlins had already acknowledged.  Nothing

5

in the applicable regulation, 49 CFR §26.87, provides that an ACDBE waives the right to an informal hearing by submitting written material.  Tiare never intended to waive its due process and regulatory right to an informal hearing by submitting written materials by the January 31, 2014 deadline.  To the contrary, Tiare presented the material as part of its effort to cooperate with HDOT's decertification investigation.

12.     On January 30, 2014, in compliance with Ms. Martin's December 27, 2013 email, Tiare submitted a written response to HDOT's proposed decertification of Tiare as an ACDBE.  Tiare provided detailed information regarding Ms. Fithian's finances which showed that her PNW was less than the limit set forth in 49 CFR §26.67.  Tiare's written response of January 30, 2014 reiterated Tiare's intent to have an informal hearing to "address any questions and/or concerns [HDOT] may have."

13.     On April 2, 2014, Clifton Harty ("Harty"), then-Acting Civil Rights Coordinator in HDOT's Office of Civil Rights, summarily notified Tiare of HDOT's decision to decertify Tiare as an ACDBE because Ms. Fithian allegedly was not "economically disadvantaged" and Tiare's alleged failure to cooperate with HDOT's investigation under 49 CFR §26.73(c).  HDOT's decision to decertify Tiare was based in part on arguments and authority never previously presented to Tiare regarding Ms. Fithian's alleged income.

14.     In a letter dated April 24, 2014 by Michelle Sexton, an RLP attorney, Tiare advised that HDOT decertified Tiare without conducting the informal hearing required by 49 CFR §26.87(d) which Tiare had requested in Tiare's December 20, 2013 email to Ms. Rawlins.  Tiare stated that it did not waive its request for an informal hearing by responding in writing on January 30, 2014 to HDOT's proposal to decertify Tiare.  Tiare reiterated its request for an informal hearing, which was necessary in part because HDOT's decertification decision was

based on new arguments and authority of which Tiare never had notice and an opportunity to respond.

15. In a letter dated May 6, 2014, Mr. Harty responded to Tiare's April 24, 2014 letter by denying Tiare's request for an informal hearing. Mr. Harty claimed that Tiare had waived its right to an informal hearing, but he offered no authority to support HDOT's claim of waiver. Mr. Harty misquoted Tiare's December 20, 2013 email by claiming that Tiare had stated that Tiare "*may* request an informal hearing." (emphasis in original) In fact, Ms. Rosales' December 20 email stated that "Ms. Martin's letter indicated that my client 'may request an informal hearing to respond to this proposed determination.' We do intend to invoke such a hearing." (emphasis added). Mr. Harty also misstated that Tiare had advised Ms. Martin that Tiare elected to submit a written response instead of attending an informal hearing. Mr. Harty advised that Tiare's sole recourse was an appeal to USDOT.

16. In an attempt to avoid an expensive and potentially unnecessary appeal to USDOT, Tiare wrote to Mr. Harty on May 28, 2014, in a letter from Arian Mohit, an RLP attorney, with a third request for the informal hearing that Tiare had first requested on December 20, 2013. Ms. Mohit's letter also showed that HDOT erred by: (i) improperly shifting the burden of proof to Tiare; and (ii) first justifying the decertification due to Ms. Fithian's income even though HDOT failed to raise this ground in its notice to Tiare proposing to decertify the firm.

17. In a letter dated June 3, 2014, Mr. Harty responded to Tiare's May 28 letter by refusing to conduct the required informal hearing and instead asserting, without authority, that HDOT was no longer the proper venue to determine Tiare's ACDBE certification.

18. By letter dated September 16, 2014 from Ms. Sexton to Mr. Harty and Ford Fuchigami, Director of HDOT, Tiare requested for a fourth and final time that HDOT honor its obligation to provide an informal hearing regarding decertification.

19. By letter dated September 23, 2014, Mr. Harty responded to Tiare's September 16 letter that the matter had been appealed, so there was no case before HDOT in which to hold an informal hearing.

## Proceedings before the United States Department of Transportation

20. On June 30, 2014, Tiare appealed HDOT's decertification ruling to USDOT-OCR. Tiare's appeal was based on four grounds:

   a. HDOT violated 49 CFR §26.87 by: (i) failing to properly inform Tiare that HDOT bore the burden of proof, instead imposing the burden on Tiare; (ii) refusing to provide an informal hearing, despite Tiare's repeated requests; (iii) raising new grounds for decertification without providing an opportunity for Tiare to respond; and (iv) relying on a purportedly independent third-party reviewer, Angela de la Rosa, who actually worked closely with HDOT in its effort to decertify Tiare.

   b. HDOT erred in determining that Ms. Fithian was not an economically disadvantaged individual by: (i) erroneously concluding that her adjusted gross income rendered Tiare ineligible for ACDBE certification; (ii) relying on circumstantial and misleading evidence that she was economically disadvantaged; and (iii) citing speculative evidence that her PNW exceeded the regulatory limit.

   c. HDOT had no evidence that Ms. Fithian failed to cooperate with HDOT's decertification investigation.

21. By letter dated July 27, 2015 from Defendant Samuel F. Brooks, USDOT-OCR affirmed the HDOT's decertification of Tiare as an ACDBE. USDOT-OCR erred in several respects, including but not limited to the following examples:

a. First, USDOT-OCR concluded that Tiare had waived its right to an informal hearing, despite the clear and unambiguous statement in Ms. Rosales' December 20, 2013 to "invoke" Tiare's right to an informal hearing.

b. Second, USDOT-OCR erroneously concluded that Ms. Fithian's PNW exceed the limit set forth in 49 CFR §26.67(a)(2), based on several mistaken valuations of Ms. Fithian's assets and liabilities. For example, HDOT cited unreliable real estate websites to value real property in which Ms. Fithian owned an interest. Ms. Fithian's PNW in fact is less than the regulatory threshold.

c. Third, USDOT-OCR mistakenly concluded that Ms. Fithian had a demonstrated ability to accumulate substantial wealth and she could not be reasonably considered economically disadvantaged. At the time of HDOT's decertification, this factor was not in effect, so Tiare never had an opportunity to address the issue. Moreover, USDOT-OCR cited Ms. Fithian's adjusted gross income as a factor, even though HDOT's proposed decertification notice mentioned nothing about her income and she never had an opportunity to rebut USDOT-OCR's finding.

d. Fourth, USDOT-OCR stated that it did "not reach the issue" whether Tiare failed to cooperate with decertification investigation, yet at the same time concluded that Tiare failed to cooperate without providing any factual basis for its conclusion. Tiare in fact did not fail to cooperate, but provided all relevant documentation in its possession that shows that Ms. Fithian's PNW warranted the presumption that Tiare remains economically disadvantaged.

## FIRST CLAIM FOR RELIEF
### (Violation of Due Process)

22.     Tiare incorporates by reference and realleges paragraphs 1-21 as if fully set forth here.

23.     As alleged above, Defendants deprived Tiare of property in violation of Tiare's right to due process of law under the Fifth Amendment of the United States Constitution by affirming HDOT's decision to decertify Tiare as an ACDBE without providing proper notice and an informal hearing as required under 49 CFR §26.87.  (*See* 49 CFR §26.89(f).).

## SECOND CLAIM FOR RELIEF
### (Violation of Administrative Procedure Act)

24.     Tiare incorporates by reference and realleges paragraphs 1-21 as if fully set forth here.

25.     As alleged above, Defendants acted in violation of 49 CFR Parts 23 and 26 in affirming HDOT's decertification of Tiare as an ACDBE, so Tiare is entitled to judicial review of Defendants' actions under the APA, codified at 5 U.S.C. §§702 *et seq.*  USDOT-OCR's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law under 5 U.S.C. §706(2)(A) and without observance of procedure required by law under 5 U.S.C. §706(2)(D).

## PRAYER

Wherefore, Tiare Enterprises, Inc. respectfully prays that the Court:

1.      Declare USDOT-OCR's decision to affirm HDOT's decertification of Tiare as an ACDBE to be a violation of Tiare's right of due process afforded by the Fifth Amendment of the United States Constitution;

2. Declare that USDOT-OCR's decision to affirm HDOT's decertification of Tiare as an ACDBE to be in error and void;

3. Reverse and vacate USDOT-OCR's decision to affirm HDOT's decertification of Tiare as an ACDBE;

4. Reinstate Tiare's status as an ACDBE certified by HDOT, or remand this action for further proceedings consistent with the law;

5. Award Tiare its reasonable attorney fees and legal costs incurred in this action under 28 U.S.C. §2412 or any other applicable law; and

6. Grant such other and further relief as the Court deems proper and just.

Respectfully submitted,

Kaplan Kirsch Rockwell

Dated:  September 22, 2015          _____/S/_____
W. Eric Pilsk,
DC Bar No. 419901
Eric T. Smith
Kaplan Kirsch Rockwell
1001 Connecticut Avenue, N.W.,
Suite 800
Washington, D.C. 20036
Telephone:  (202) 955-5600
Facsimile:  (202) 955-5616

Rosales Law Partners LLP
Mara Rosales
Robert D. Sanford
433 California Street,
Suite 630
San Francisco, CA 94104
Telephone:  (415) 986-4760
Facsimile:  (415) 374-8373

Attorneys for Plaintiff
Tiare Enterprises, Inc.